**\*E-Filed 05/03/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON TECZA, on behalf of himself, | No. C 09-03808 RS |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | |
| UNIVERSITY OF SAN FRANCISCO and DOES 1 through 100, inclusive, | |
| Defendants. | |

This case arises out of the alleged disclosure by defendant University of San Francisco ("USF") of the fact that plaintiff Jason Tecza received certain testing accommodations while a law student. Tecza received those accommodations on account of a medical disability that was not disclosed. Based on the record in this action and the oral argument, and for the reasons stated below, the motion to dismiss is granted.

I.   BACKGROUND

The facts of this case have been explained in a prior order of the Court and need not be repeated here in great detail. *See* Order of December 30, 2009, at 1-3. Briefly, Tecza alleges he was enrolled as a law student at USF beginning in August 2006. He avers that while he was a student,

he was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), and that he requested and received testing accommodations from USF for his law school exams. The accommodations consisted of an isolated environment in which to take the tests, as well as a 50% extended time period.

Tecza alleges he enrolled in USF's study abroad program in Dublin and Prague for the summer of 2007, where he encountered difficulties in receiving his testing accommodations. Allegedly, during the Dublin portion of the program, a professor asked Tecza to accompany him to the isolated location for his exam while he was "in the company of [other] students who were about to take the exam under regular conditions." He claims, in addition, that in conjunction with another exam two days later, a maintenance person entered the isolated room where he was taking the test and informed him he would have to leave, even though he had 45 minutes of time remaining. Further, he alleges that during the Prague portion of the program, some of the course materials for a class in which he was not enrolled contained information which indicated to other students that he was receiving testing accommodations.

As a result of these incidents, Tecza filed this action in Superior Court on May 26, 2009. He filed a first amended complaint ("FAC") soon thereafter. USF removed the case to federal court and moved to dismiss the FAC. The Court granted the motion to dismiss and gave Tecza leave to amend. He has now filed a second amended complaint ("SAC"), and USF has again moved to dismiss. The SAC advances the following claims: invasion of privacy and disclosure of private facts; violation of the California Information Practices Act of 1977, Cal. Civil Code § 1798; violation of the California Public Records Act, Cal. Gov. Code § 6254(g)(6); breach of contract; discrimination on the basis of disability in violation of 29 U.S.C. § 794(a), the Americans with Disabilities Act ("ADA"), and California's Unruh Civil Rights Act, Cal. Civil Code § 51; intentional infliction of emotional distress; unfair business practices; negligent misrepresentation; and negligence. USF moves to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.     LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework for a complaint, legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated ... laws in ways that have not been alleged." *Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.  DISCUSSION

A.  <u>Invasion of Privacy</u>

Under California law, four distinct kinds of activities violate an individual's right to privacy and give rise to tort liability: (1) intrusion into private matters; (2) public disclosure of private facts; (3) publicity placing a person in a false light; and (4) misappropriation of a person's name or likeness. *Moreno v. Hanford Sentinel, Inc.*, 172 Cal. App. 4th 1125, 1129 (2009). Here, Tecza's claim is focused on the second type of activity: public disclosure of private facts. The elements of this tort are (1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern. *Shulman v.*

*Group W Productions, Inc.*, 18 Cal. 4th 200, 214 (1998).  The absence of any one of these elements is a complete bar to liability.  *Moreno*, 172 Cal. App. 4th at 1129.  Whether a legally recognized privacy right is present in a given case is a question of law to be decided by the court.  *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 40 (1994).

The Court previously dismissed Tecza's claim for invasion of privacy because he offered no arguments why disclosure of his testing accommodations constituted disclosure of a private fact.  The Court noted that "plaintiff has alleged no facts that USF disclosed any medical information, the nature of his disability, that he has a learning disorder, or any other detail of his personal life."  Order of December 30, 2009, at 7.  This failing has not been rectified in the SAC.  Rather, Tecza (referring to the disputed course materials in Prague) merely claims that "exam accommodation would not normally be disclosed in a typical textbook."  SAC at 25.  While this assertion may be true, it does not follow that the disclosed fact was private information.  Rather, as the Court has previously observed, the very fact of Tecza's absence from the examination room "necessarily caused a disclosure to the students in his classes."  Order of December 30, 2009, at 6.  It is well-established that "there can be no privacy with respect to a matter which is already public" and that "there is no liability when the defendant merely gives further publicity to information about the plaintiff which is already public or when the further publicity relates to matters which the plaintiff leaves open to the public eye."  *Sipple v. Chronicle Publ'g Co.*, 154 Cal. App. 3d 1040, 1047 (1984).  As the SAC offers no facts to support Tecza's claim that his testing accommodations were a "private fact," this claim must be dismissed.  Further, as Tecza has already been afforded a chance to remedy this defect in his case and has failed to do so, leave to amend is not appropriate.

B.      Information Practices Act of 1977 and California Public Records Act

The SAC's next two claims, which did not appear in the FAC, are based on the Information Practices Act of 1977, Cal. Civil Code 1798, *et seq.* (the "IPA") and the California Public Records Act, Cal. Gov't Code § 6254(g)(6) (the "CPRA").  Generally speaking, the IPA "imposes limitations on the right of governmental agencies to disclose personal information about an individual. . . .  The statute was designed by the Legislature to prevent misuse of the increasing

1  amount of information about citizens which government agencies amass in the course of their
2  multifarious activities, the disclosure of which could be embarrassing or otherwise prejudicial to
3  individuals or organizations." *Anti-Defamation League of B'nai B'rith v. Superior Court*, 67 Cal.
4  App. 4th 1072, 1078-1079 (1998).  To this end, the IPA provides, among other things, that
5  "[w]henever an agency collects personal information, the agency shall maintain the source or
6  sources of the information."  Cal. Civil. Code § 1798.16(a); *see also id.* § 1798.24 (restricting
7  agencies from disclosing individual personal information, except in very limited circumstances).
8  Section 1798.3 of the IPA defines an "agency" as "every state office, officer, department, division,
9  bureau, board, commission, or other state agency."  *Id.* § 1798.3(b).

10 Tecza claims that USF violated the IPA by "fail[ing] to properly maintain Tecza's
11 confidential records necessary to assure fairness relating to Tecza's qualifications, character, rights,
12 opportunities of, or benefits to Tecza" and by "failing to prevent Tecza's personally identifiable
13 information from being disclosed."  SAC at 26.  As the plain language of the IPA indicates,
14 however, the Act has no applicability in the private sector.  IPA actions cannot be maintained
15 against non-governmental entities, which Tecza concedes USF to be.  SAC at 3.   While Tecza
16 suggests that the adoption by USF of various governmental educational requirements transforms
17 that institution into a "state actor," there is no legal authority to support such a proposition.  As the
18 question relative to the IPA claim is one of legal viability, there are no additional facts that could
19 repair the deficiency, and leave to amend would therefore be futile.

20 As to Tecza's claim under § 6254(g)(6) of the CPRA, the relevant provision states that
21 "nothing in this chapter shall be construed to require disclosure of records that are any of the
22 following: . . . Test questions, scoring keys, and other examination data used to administer a
23 licensing examination, examination for employment, or academic examination."  The immediate
24 applicability of this statute to the situation at hand is not entirely clear; a provision stating that a
25 certain disclosure is not *required* is not equivalent to a provision *prohibiting* such a disclosure.
26 Moreover, the CPRA, like the IPA, is restricted in scope to actions involving public agencies and
27 imposes no obligations on private entities.  *See id.* § 6252 (defining various local and state agencies

to whom the CPRA applies).  Tecza's CPRA claim, like his IPA claim, must therefore be dismissed without leave to amend.

C.  Breach of Contract

The SAC's fourth claim for relief alleges that USF breached its promise to maintain the confidentiality of his disability records.  To be entitled to damages for breach of contract, a plaintiff must plead and prove the existence of a contract, plaintiff's performance or excuse for nonperformance, and defendant's breach and damages.  *Walsh v. W. Valley Mission Comm. College Dist.*, 66 Cal. App. 4th 1532, 1545 (1998).  Previously, the Court held that Tecza failed to allege the first prong: the existence of a contract.

The SAC attempts, without success, to remedy this deficiency by alleging that, "in the absence of any written agreement . . . the acts and conduct of Tecza and USF demonstrate that an implied-in-fact contract existed." SAC at 28.  These unspecified "acts and conduct," Tecza claims, amounted to a promise by USF to "maintain 'appropriate confidentiality' of 'records and communication' related to Tecza's student disability." *Id.* "The essential elements of an implied-in-fact contract and an express contract are the same." *Davies v. Krasna*, 245 Cal. App. 2d 535, 548 (1966).  "It is essential to the existence of a contract that there should be: 1. Parties capable of contracting; 2. Their consent;  3. A lawful object; and, 4. A sufficient cause or consideration." Cal. Civil Code § 1550.  In this case, the SAC fails to specify any particular conduct on the part of either Tecza or USF which would reflect the existence of these basic elements.  As such, the SAC fails to state a viable claim for breach of contract, and dismissal pursuant to Rule 12(b)(6) is therefore warranted.  Moreover, as Tecza has already twice attempted to amend his breach of contract claim, but to no avail, there are no grounds to allow further attempts to amend.

D.  Rehabilitation Act, ADA, and Unruh Civil Rights Act Claims

Tecza alleges discrimination under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"); and the California Unruh Civil Rights Act, Cal. Civil Code § 51 *et. seq.* (the "UCRA").  To state a claim for discrimination under section 504, the ADA, or the UCRA, a plaintiff must allege that (1) he is disabled; (2) he is

1 qualified to remain a student at the University; (3) there was some adverse education action by the
2 University because of his disability; and (4) the University receives federal financial assistance (for
3 the Rehabilitation Act claim) or is a public entity (for the ADA and state law claims). *Zukle v.*
4 *Regents of the Univ. of Calif.*, 166 F.3d 1041, 1045 (9th Cir. 1999).  As the Court previously
5 explained, a "plaintiff cannot prevail on such claims simply because a university failed to provide
6 him with an accommodation on a limited number of occasions; the central inquiry is whether the
7 program, 'when viewed in its entirety, is readily accessible to and usable by individuals with
8 disabilities.'"  Order of December 30, 2009, at 9 (quoting *Bird v. Lewis & Clark College*, 303 F.3d
9 1015, 1021 (9th Cir. 2002)).  The SAC, like the FAC before it, fails to allege that any difficulties
10 arose with Tecza's disability accommodations on more than "a limited number of occasions."
11 Rather, Tecza describes a status quo in which he received sufficient accommodation from USF, and
12 then points to a few instances (such as where the custodian in Dublin asked him to leave early)
13 when an exception to the rule occurred.  Under *Bird*, these allegations are not sufficient to sustain
14 claims based on the Rehabilitation Act, the ADA, and the UCRA.  Consequently, these claims will
15 be dismissed without leave to amend.

16 E.    Intentional Infliction of Emotional Distress

17       The SAC's eighth claim revives the FAC's claim for intentional infliction of emotional
18 distress .  To prevail on such a claim, a plaintiff must show: (1) extreme and outrageous conduct by
19 defendant with the intention of causing, or with reckless disregard of the probability of causing,
20 emotional distress; (2) plaintiff suffered severe or extreme emotional distress; and (3) defendant's
21 conduct represented the actual and proximate cause of plaintiff's emotional distress. *Hughes v Pair*,
22 46 Cal. 4th 1035, 1051 (2009).  A defendant's conduct, which must be "intended to inflict injury or
23 engaged in with the realization that injury will result," is outrageous when it is so "extreme as to
24 exceed all bounds of that usually tolerated in a civilized community." *Id.* (citations omitted).  As
25 with the FAC, the SAC contains nothing beyond a bare, conclusory allegation of the necessary
26 "outrageousness."  Nor does the SAC allege any facts whatsoever regarding USF's bad intentions.
27 Rather, it simply avers that Tecza "was distressed by the feeling of being resented due to the

28

NO. C 09-03808 RS
ORDER

7

disclosure of his accommodated status." SAC at 31. While such distress is unfortunate, it does not, in this case, appear to have been occasioned by the type of extreme behavior which characterizes a successful claim of this type. As plaintiff has been afforded the opportunity to amend the claim, and has failed to suggest how further amendment would result in a cognizable claim, dismissal without leave to amend is appropriate.

F. Unfair Business Practices

The SAC's ninth claim alleges that USF's actions constitute unlawful business practices as defined by the California Business and Professions Code. California law prohibits unfair competition in the form of "unlawful," "unfair" or "fraudulent" business acts or practices. Cal. Bus. & Prof. Code §17200. A business that has engaged in any of these practices is guilty of unfair competition. *State Farm Fire & Casualty Co.v. Supreme Court*, 45 Cal. App. 4th 1093, 1102 (1996). To state a claim for unfair business practices, one need not plead and prove the elements of a tort; the plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public). *Albillo v Intermodal Container Servs., Inc.*, 114 Cal. App. 4th 190, 206 (2003). The principal problem with the SAC, like the FAC, is Tecza's failure to allege the existence of a true "business practice." He contends that USF implies in its student handbook and other policy manuals that "it does not disclose information regarding its disabled students[,] when in fact it does disclose disabled students' testing accommodations." SAC at 33. As the Court previously observed, however, "[a] handbook is not a business practice. It is a handbook." Order of December 30, 2009, at 12. As the SAC fails, once again, to allege the existence of a specific business act or practice, Tecza's § 17200 cannot survive the pleading stage and must be dismissed without leave to amend.

G. Negligence and Negligent Misrepresentation

The SAC's final two claims aver negligence and negligent misrepresentation. "The elements of a negligence [claim] are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages." *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). In this

instance, the SAC has not alleged sufficient facts to reflect that a breach of the duty of care took place. Tecza concedes that the inclusion of his name and accommodation needs in the course materials was inadvertent, SAC at 35, but he does not explain why this inadvertent inclusion somehow breached a duty owed to him by USF. As explained above and in the Court's prior orders, Tecza does not aver that USF disclosed any of his private medical information, such as the name of his disability. This claim will therefore be dismissed without leave to amend.

Similarly, to state a claim for negligent misrepresentation, plaintiff must allege: (1) misrepresentation of a material fact; (2) without reasonable grounds for believing it to be true; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. *Nat'l Union Fire Ins. Co. v Cambridge Integrated*, 171 Cal. App. 4th 35, 49 (2009). Intentional or negligent misrepresentation, like fraud, must be pled with requisite specificity under Federal Rule of Civil Procedure 9(b). *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). In order to satisfy Rule 9(b), allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). The SAC, like the FAC, lacks this specificity. It merely alleges generally that "USF, by way of the Student Handbook, and [Student Disability Services] Handbook represented that disabled students would be afforded accommodated testing and that information about the student's disability would not be disclosed." This allegation falls far short of the standard described in *Cooper*. As the SAC's attempt to cure the deficiencies of this claim has proven unsuccessful, it too must be dismissed without leave to amend.

IV.  CONCLUSION

As the SAC has not persuasively alleged the necessary elements to proceed beyond the pleading stage, and as Tecza has previously been afforded ample opportunity to amend his claims, USF's motion to dismiss without leave to amend is hereby granted in its entirety.  The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: 05/03/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 09-03808 RS
ORDER

10